## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYL THERESE PAYTON,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 19-11147** |
| **TOURO INFIRMARY HOSPITAL, ET AL.** | **SECTION: "E" (4)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court are two motions to dismiss filed by Defendant Douglas N. Lurie[1] and Defendants Touro Infirmary Hospital and Touro at Home[2] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff opposed Defendant Lurie's motion.[3] For the following reasons, Defendants' motions are **GRANTED.**

## BACKGROUND

Plaintiff Gayl Therese Payton alleges Defendants were negligent in treating her knee on May 25, 2015, and failing to diagnose an infection following her knee replacement procedure.[4] Plaintiff asserts the basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.[5] In her complaint, Plaintiff provides her residential address in New Orleans, Louisiana and asserts she is a citizen of Louisiana.[6] Plaintiff further alleges Defendants are incorporated under the laws of Louisiana and have their principal place of business in Louisiana.[7] Plaintiff provides a New Orleans, Louisiana address for Dr. Lurie.[8]

---

[1] R. Doc. 14.
[2] R. Doc. 19.
[3] R. Doc. 16.
[4] R. Doc. 1, at 4.
[5] *Id.* at 3.
[6] *Id.* at 1, 3.
[7] *Id.* at 3.
[8] R. Doc. 1-3.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[9] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil matters in which the plaintiffs are citizens of different states from the defendants and the amount in controversy exceeds $75,000.[10] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[11] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[13]

## LAW AND ANALYSIS

Plaintiff in this case has failed to establish this Court has subject-matter jurisdiction based on diversity of citizenship. The citizenship of Plaintiff is not different from the citizenship of all of Defendants—Plaintiff's complaint states she is a Louisiana citizen and all Defendants are Louisiana citizens.[14] Accordingly, the complete diversity requirement of 28 U.S.C. § 1332 is not satisfied, and the Court lacks statutory or constitutional power to adjudicate the case. Further, the Court will not grant Plaintiff leave to amend her complaint because such leave would be futile.[15] Plaintiff has not

---

[9] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[10] 28 U.S.C. § 1332(a).

[11] *See* FED. R. CIV. P. 12(b)(1).

[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

[13] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[14] R. Doc. 1, at 3.

[15] *Helms v. Speartex Grain Co.*, 983 F.2d 232 (5th Cir. 1993) ("Although '[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise,' a court need not grant a motion to amend if the amendment will not

alleged any other basis for jurisdiction, and it would be impossible for her to amend her complaint to establish diversity of citizenship.

## <u>CONCLUSION</u>

**IT IS ORDERED** that the Defendants' motions to dismiss for lack of subject matter jurisdiction are **GRANTED**.[16]

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Douglas N. Lurie, Defendants Touro Infirmary Hospital, and Touro at Home are **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 25th day of September, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

cure the deficiencies of the complaint." (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

[16] R. Doc 14; R. Doc. 19.